IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANDY PALMUCCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 18 CV 1165 |
| | ) |
| TWITTER, INC., GOOGLE, LLC, and | ) |
| FACEBOOK, INC., | ) Judge John Z. Lee |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants Twitter, Google, and Facebook move to transfer this case to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). Defendants' motion to transfer [19] is granted. The Court hereby transfers this case to the Northern District of California and terminates it on this Court's docket.

**Statement**

Plaintiff Mandy Palmucci brings this action against Defendants Twitter, Inc. ("Twitter"), Google, LLC ("Google"), and Facebook, Inc. ("Facebook"). Palmucci was injured in the November 13, 2015, attack carried out in Paris, France, by the terrorist organization ISIS. She alleges that Defendants, in violation of the Antiterrorism Act, 18 U.S.C. § 2333 ("ATA"), knowingly and recklessly provided ISIS with social media accounts that ISIS used as a tool for spreading propaganda, raising funds, and attracting new recruits, ultimately enabling it to carry out the Paris terrorist attack. Defendants now move to transfer the case to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

Under § 1404(a), the Court may, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought."[1] The decision to transfer a case is a discretionary one, with a court undertaking a two-pronged inquiry into both convenience and the interests of justice. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Convenience factors include "the availability of and access to witnesses, and each party's access to and distance

---

[1] Palmucci does not dispute that this action could have been brought in the Northern District of California.

from resources in each forum." *Id*. at 978.  Interest-of-justice factors—which may be determinative even if convenience factors point in the opposite direction, *id*.—"relate to the efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).  They include "docket congestion and likely speed to trial," "each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy," *Research Automation*, 626 F.3d at 978 (citations omitted), as well as the possibility of consolidation with related litigation, *Coffey*, 796 F.2d at 221.

"Courts ordinarily give substantial weight to the plaintiff's choice of a forum, especially when it is the plaintiff's home forum." *Fed. Trade Comm'n v. Acquinity Interactive, LLC*, No. 13 C 5380, 2014 WL 37808, at *2 (N.D. Ill. Jan. 6, 2014) (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)).  But the plaintiff's choice of forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Chi., Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir. 1955); *see also A & R Logistics Holdings, Inc. v. Curl*, No. 15 C 7106, 2015 WL 5561179, at *4 (N.D. Ill. Sept. 21, 2015) (granting motion to transfer because defendant's alleged bad acts occurred in another district, convenience factors weighed in favor of transfer, and interest of justice factors were neutral).  It is undisputed that none of the conduct Palmucci complains of occurred in the Northern District of Illinois, meaning that her choice of forum is entitled to substantially less weight than it otherwise would be.

Defendants argue that the interest-of-justice factors favor transfer.  The Court agrees.  The Northern District of California is already adjudicating two closely related cases, *Cain v. Twitter*, No. 17-cv-2506-JD (N.D. Cal. Apr. 6, 2017), and *Gonzalez v. Google, Inc*., No. 16-cv-3282-DMR (N.D. Cal. Nov. 6, 2017), the plaintiffs of which are also victims of the Paris attack, represented by some of the same attorneys as Palmucci, and asserting claims based on the same theories of liability under the civil remedies provision of the ATA.  Defs.' Mem. at 7, ECF No. 20; *see also id.,* Ex. 1, *Cain* Complaint at 1, 2, 125, ECF No. 20-2; *id.*, Ex. 2, *Gonzalez* Complaint at 1, 2, ECF No. 20-3.  Defendants further contend—and Palmucci does not dispute—that multiple other actions "involving substantially similar theories of liability under the civil remedy provision of the ATA and state law, asserted against these same Defendants for alleged harms associated with other attacks," are currently pending in or recently dismissed by courts in the Northern District of California, with Palmucci's counsel representing several of the plaintiffs in those actions.  *See* Defs.' Mem. at 9.

Given this concentration of related cases, the Court concludes that the possibility of consolidation of related litigation, *see Coffey*, 796 F.2d at 221, as well as the Northern District of California's presumed resulting familiarity with this area of law, *see Research Automation*, 626 F.3d at 978, weigh heavily in the

direction of transferring the case for more efficient administration of justice. To the extent that the remaining interest-of-justice factors—relationship of the community to the controversy and docket congestion—tip the scales in either direction, the Court finds that they also weigh in favor of transferring the case, given that all Defendants are headquartered in the Northern District of California, *see* Defs.' Mem. at 11, and the median wait time from filing to trial is currently significantly shorter in the Northern District of California than in this district, *see id.* n.4 (citing *U.S. District Courts, Federal Case Management Statistics—Comparison Within Circuit—During the 12-Month Period Ending Dec. 31, 2017*, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2017.pdf.).

Palmucci offers little to counter Defendants' points on the interest-of-justice factors. Her primary contention is that, because a plaintiff's choice of forum is given substantial weight under § 1404(a), Defendants cannot meet that "heavy burden" by focusing on "judicial economy." Pl.'s Resp. at 2–3, 4, ECF No. 38. But Palmucci ignores that judicial economy is at the heart of the interest-of-justice factors, *see Coffey,* 796 F.2d at 221 (describing interest-of-justice factors as "relat[ing] to the efficient administration of the court system"), and can be determinative even if the convenience factors indicate the opposite result, *see Research Automation*, 626 F.3d at 978.

Here, the convenience factors also support transfer. Defendants argue that discovery would likely focus on Defendants' practices and policies related to management of their platforms' content and users and that these practices and policies were developed in California. Defs.' Mem. at 13–14 (citing *id.*, Ex. 5, Noble Decl. ¶¶ 5, 6, ECF No. 20-6; *id.,* Ex. 6, Bromberg Decl. ¶¶ 10–12, ECF No. 20-7; *id.,* Ex. 7, Duffey Decl. ¶¶ 4–6, ECF No. 20-8). Palmucci does not dispute this with any substantive arguments.

In sum, the balance of factors weighs strongly in favor of transfer. Palmucci's choice of forum is insufficient to outweigh all the factors favoring transfer, given that none of the conduct complained of is alleged to have occurred in the Northern District of Illinois. *See Chi., Rock Island & Pac. R.R. Co.,* 220 F.2d at 304.

For the foregoing reasons, Defendants' motion to transfer [19] is granted.

Date: 6/14/18                                                                                          /s/John Z. Lee